IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| ROSEMARY "JERRI" C. THOMAS, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-07-0952 |
| FLOYD R. BLAIR, ET AL., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Rosemary "Jerri" C. Thomas, sued Floyd R. Blair, Joseph E. Steffen, Jr., Christopher J. McCabe, Neil E. Merkel, Heinrich J. Losemann, Jr., Anthony Cobb, and Robert L. Ehrlich, former Governor of the State of Maryland, claiming: (1) unlawful employment termination based on political affiliation in violation of (a) the First and Fourteenth Amendments, (b) Article 40 of the Declaration of Rights of Maryland, and (c) 28 U.S.C. § 1983, and (2) that the Defendants "conspired with each other to deprive her of "her rights under the statutory provisions and common law" and "unlawfully depriving [her] of her constitutional rights."

Pending is a motion by Defendants Blair, Cobb, McCabe, Merkel, Losemann, and Ehrlich to dismiss or, in the alternative, for summary judgment.  For the following reasons, the Defendants' motion will be granted.

1

I.  Background

Thomas was employed by the Baltimore City Department of Social Services ("BCDSS") as Chief Information Officer for six years.  Compl. ¶¶ 4-5.  The Chief Information Officer ("CIO") reports directly to the BCDSS Director, and is a senior level member of the Director's cabinet.  Def.'s Supp. Mem. Ex. A.

On November 19, 2003, Thomas received a letter from Blair, Interim Director of BCDSS, notifying her that she would be terminated without cause on December 5, 2003.  Compl. ¶ 5.  Thomas's date of termination was extended to April 15, 2004 to permit her to use medical leave to undergo shoulder surgery.  *Id.*

On December 2, 2003, Thomas filed a written appeal of her termination with the Employer-Employee Relations Unit ("EERU"), and requested a hearing before the Office of Administrative Hearings ("OAH").  Compl. ¶ 7.  Her request was denied, and she was instead given a "conference" on January 14, 2004 before Merkel, an Employee Relations Officer in the EERU.  *Id.*  Thomas alleged that Merkel dismissed her appeal without a fair and impartial hearing, and she was not given an opportunity to defend herself.  *Id.*  On January 30, 2004, Merkel issued a written decision finding that Thomas had not demonstrated that her appeal was illegal or unconstitutional.  Def.'s Supp. Mem. Ex. C, E.

On February 14, 2004, Thomas filed a petition for judicial review of the agency's decision in the Circuit Court for

Baltimore City. Def.'s Supp. Mem. at 5. The court dismissed the case, and Thomas filed an Amended Complaint for Writ of Mandamus and a Supplemental Amended Complaint, which were dismissed with prejudice. The circuit court also denied Thomas's motion to alter or amend the judgment, and she appealed to the Court of Special Appeals which affirmed the circuit court's decision. The Court of Appeals denied Thomas's appeal, and she filed suit on April 12, 2007 in federal court.

II. Analysis

    A.    Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Although the statute of limitations is an affirmative defense, it may be raised under Rule 12(b)(6) "when the face of the complaint reveals that the cause of action has not been brought within the applicable limitations period." *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*,

3

127 S. Ct. 1955, 1969 (2007).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998). The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id*.

B.   Statute of Limitations

The Defendants claim that Thomas's complaint is barred by Maryland's three year statute of limitations. Def.'s Supp. Mem. at 9. The Defendants argue that based on the *Ricks/Chardon* rule a suit for discriminatory termination accrues when the employee has knowledge of the termination, not on his final day of employment. *Id.* Since Thomas filed suit more than three years after she received notification of her termination, the Defendants assert that Thomas's suit should be dismissed. *Id.* at 12.

Thomas counters that the *Ricks/Chardon* rule does not apply because it was rejected by the Court of Appeals of Maryland in *Towson University v. Conte*, 384 Md. 68, 862 A.2d 941 (Md. 2004) and *Haas v. Lockheed Martin Corp.*, 396 Md. 469, 914 A.2d 735 (Md. 2007). Relying on *Conte* and *Haas*, Thomas argues that her claim did not commence until she was removed from payroll on April 15, 2004. Pl.'s Resp. Mem. at 2.

Thomas's discrimination claim was brought under 29 U.S.C. § 1983 (2006) which specifies no limitations period.  Hence, courts must look to state limitations periods for the most analogous state action that is consistent with federal law.  *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Grattan v. Burnett*, 710 F.2d 160, 162 (4th Cir. 1983).  The appropriate limitations period for employment discrimination suits brought under § 1983 is three years.  *Grattan*, 710 F.2d at 161; *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2006).

In *Delaware State College v. Ricks*, 449 U.S. 250 (1980) and *Chardon v. Fernandez*, 454 U.S. 6 (1981), the Supreme Court addressed when an employment discrimination suit commences under 28 U.S.C. §§ 1981 and 1983.  The Court held that a cause of action for discriminatory termination accrues when the employee is informed of the termination decision, not when the effects of that decision come to fruition.  *Ricks*, 449 U.S. at 258; *Chardon*, 454 U.S. at 8.  A determination of when the limitations period commences focuses "[on] the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful."  *Ricks*, 449 U.S. at 258; *see also English v. Whitfield*, 858 F.2d 957, 961 (4th Cir. 1988).  "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."  *Ricks*, 449 U.S. at 257.

5

Both parties mainly argue whether the extension of Thomas's termination date affected the limitations period. The district court addressed this issue in *Taylor v. Fed. Express Corp.*, No. RDB-03-195, 2004 WL 5231978, at *1 (D. Md. July 28, 2004), *aff'd*, 429 F.3d 461 (4th Cir. 2005). In *Taylor*, a FedEx courier injured his back at work. *Id.* The plaintiff was temporarily assigned to the customer service department until February 28, 2001, when FedEx notified him that his long term disability payments had ended. *Id.* at *1-2. FedEx gave the plaintiff the option to return to his courier position, or choose a 90-day temporary medical leave, during which time he could seek other employment within the company. *Id.* at *2. The plaintiff chose the 90-day personal leave of absence and FedEx again informed him that if he failed to secure a position he would be terminated. *Id.* FedEx confirmed the agreement in a letter dated March 6, 2001. *Id.*

Following a medical examination on September 25, 2001, FedEx indicated that the plaintiff could return to work. *Id.* at *2-3. The plaintiff was unable to secure a new position within the company and refused to return to his courier position. *Id.* at *3. Thus, on October 15, 2001, FedEx informed the plaintiff that he exceeded the duration of his personal leave of absence, and that he was terminated from the company. *Id.*

On March 21, 2002, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

6

*Id.* at *4.  FedEx claimed that the suit was barred by the statute of limitations.  *Id.* at *6.  The plaintiff argued that the February and March 2001 termination notifications should be disregarded, and that the September 25, 2001 letter should be considered the original notice of termination.  *Id.* at *8.  The court rejected the plaintiff's contention and found that Taylor's limitation period commenced on March 6, 2001.  *Id.*  The court reasoned that the September 25, 2001 letter simply reaffirmed the termination decision communicated to the plaintiff on March 6, 2001.  *Id.*

Similarly, Thomas asserts that her discrimination claim commenced on April 15, 2004 when she was removed from the payroll, rather than the date that she received notification of her termination--November 19, 2003.  However, *Ricks* and its line of reasoning holds that a discharge with a deferred effective date entails only one discriminatory decision.  *Ricks*, 449 U.S. at 257.  The delay of Thomas's termination pending shoulder surgery was a courtesy extended by her employer which did not change the fact that she was notified of her termination on November 19, 2003.

Moreover, Thomas's reliance on *Haas* and *Conte* is misplaced.  Both decisions are inapplicable and not binding on federal

7

courts.[1]  In *Haas*, the Court of Appeals interpreted Article 49B of the Maryland Code, section 42, a state statute.  *Conte* also involved a state law breach of contract claim and included no allegations of discrimination or deprivation of civil rights. *Conte*, 384 Md. at 68.

Alternatively, Thomas argues that the federal "catchall" limitations period,[2] which provides a four year statute of limitations, applies to her § 1983 claim; thus, her suit was timely filed.  Pl.'s Reply Mem. at 3-4.  Under 29 U.S.C. § 1658(a) "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Section 1658 only applies to causes of action created by Congress after December 1, 1990.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).  Thus, "the myriad of pre-existing claims, recognized by either statutory or decisional law, continue to be governed . . . by whatever there is outside of § 1658."  *Id.*

Section 1983 remains substantively unchanged since its original enactment in 1871.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 258 (1981).  In 1979 and 1996,

---

[1] The Court of Appeals in *Haas* focused on state appellate court decisions and recognized that the *Ricks/Chardon* rule applies to federal actions.  *Haas*, 396 Md. at 488, n.12.

[2] 28 U.S.C. § 1658 (2006).

8

Congress amended the statute,[3] but neither amendment affects Thomas's claim.  Accordingly, the federal limitations period does not apply, and Thomas's suit is barred by the statute of limitations.

    C.    Conspiracy Claim

Thomas alleges that the Defendants "conspired with each other for (a) the purpose of unlawfully depriving Plaintiff of her rights under the statutory provisions and common law; and (b) the purpose of unlawfully depriving Plaintiff of her constitutional rights."  Complaint ¶ 30.  The Defendants argue that these claims are not sufficiently pled and must be dismissed.  Def.'s Supp. Mem. at 31.

In Maryland, "conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff."  *Alexander v. Evander*, 336 Md. 635, 645 n.8, 650 A.2d 260, 265 n.8 (Md. 1994).  A defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort.  *See Alleco Inc. v. Harry & Jeanette Weinbert Found.*, 340 Md. 176, 189-90, 665 A.2d 1038 (Md.

---

[3] The 1979 Amendments added "or the District of Columbia" following "Territory," and provisions relating to Acts of Congress applicable solely to the District of Columbia.  Pub. L. 96-170, 93 Stat 1284 (1979).  The 1996 Amendments inserted provisions relating to immunity of judicial officers from injunctive relief unless declaratory decree was violated or declaratory relief was unavailable.  Pub. L. 104-317, 110 Stat 3847 (1996).

1995). Thomas has failed to adequately allege that the Defendants are liable for a substantive tort; thus, her civil conspiracy claim fails.

III. Conclusion

For the stated reasons, Defendants' motion to dismiss will be granted.[4]

| October 4, 2007 | /s/ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |

---

[4] Although Defendant Steffen is not a party to the Defendants' motion, the deficiencies of Thomas's claims warrant dismissal in his favor, which the Court will grant *sua sponte*.

10